The next case will be 06-7363 Fisher. He will be Secretary of the Justice Department. Thank you very much. Court, please. Thank you. This is Kenneth Carpenter. This case deals with the apparent tension between the VA regulations and the presidential decision of this court involving the ability of the claimant to replete or plead an alternative new or novel theory of clear and unmistakable evidence in a request for revision. The VA promulgated this regulation 20.1400 in 1999, which predated the decision of this court in Andre. The court below held that Mr. Andre was not able, under that regulation, to file a new theory of clear and unmistakable error in his request for revision of the board decision that had received previous review by the Veterans Court. It is Mr. Fisher's position that the holding of this court in Andre limits the application of that regulation, and that that regulation is general and the holding in Andre is specific. In other words, the regulation prohibits generally any decision which has been subject to review by the Veterans Court from a supplemental request for revision by the claimant that would then permit review, or excuse me, that would prevent consideration of that by either the VA or by the Board of Veterans' Appeals. In this case, it was the Board of Veterans' Appeals' request for revision. The holding in Andre clearly and unambiguously permits the claimant to return to the agency and present a theory that was not previously presented. That's precisely what Mr. Fisher did here. The board refused to consider that request, and therefore denied the, or excuse me, dismissed the request under 20.1400B, and an appeal was taken to the Veterans Court, and the Veterans Court affirmed. We believe that in so doing, the Veterans Court relied upon a misinterpretation of 20.1400B to permit the board to dismiss the petition, or excuse me, the request for revision by Mr. Fisher in the 1998 decision, which was permitted by this court under his decision in Andre. There really isn't anything more to this case than those particular points. I believe that the briefing has covered those, and unless there's some specific questions from the panel, I don't believe I have anything further that needs to be said on the matter to preserve any further time for my rebuttal. Thank you very much. Thank you. Thank you, Your Honor. In this court, I think I can be brief as well. There's a key factual distinction between Andre and this case here, which is that in Andre, the decision before this court was a regional office decision that had never been appealed. That's obviously not the case here. We're talking about a board decision that had been appealed. That distinction makes all the difference in the world, because in Andre, the regulation of 20.1400B never comes into play, and it never bars any subsequent clear and unmistakable error challenges. That distinction, in addition, also brings this case within Winsett. In Winsett, the case is exactly on point. It involved a board decision that had been appealed, and this court held that because it had been appealed, it was barred by 20.1400B. The second factual distinction is that the issue before the court in Andre was simply whether or not a claimant can raise new clear and unmistakable error challenges for the first time before the Veterans Court. That's obviously not the issue here, so we think that Andre has no application to this case. So I would ask the court to affirm the Veterans Court, and I'll end there. There is a 1986 unappealed regional office decision that our view is still subject to clear and unmistakable error challenges, yes, Your Honor. I think that's essentially correct, Your Honor. You can't challenge the 1998 board decision, but since the 1986 regional office decision was never appealed, that still is subject to clear and unmistakable error challenges. I don't know if that makes this appeal kind of interesting, but necessary since you can get it in substance when you can't by going extra step. We do this a lot. Thank you. But you're entirely correct. Why not start over again? Because there is another VA regulation that is called a subsuming regulation that stands for the proposition that any time the board has addressed a question, that the RO decision is then subsumed in that board decision. And if I were to do as is suggested, then the barrier that would be erected would be by the regional office that would say to me, but you've already had a request for revision on this case, which was decided by the board. Therefore, the decision of the board is subsumed, the decision of the regional office on that matter, and you cannot present that because of that regulation. But I presume in this case you don't have that problem because the government recently conceded that today. Well, I presume they have. But the concession here, Your Honor, doesn't do me any good at the regional office. The regional office is an entity unto its own. It will make its decision. And if it makes its decision that my only relief is with the board and filing a request for reconsideration or a request for revision, then I'm stuck. I'm back here. We'll look at it again. Well, that's entirely possible. If that's the way that this court holds that the appropriate procedure should be followed, that's fine. But there isn't any direct case law at this point that would indicate that the VA's regulation on subsuming would not, in fact, control this case. And I've been involved in several subsuming cases in which we have argued that whole question of what is or isn't subsumed. The fundamental question here, Your Honor, is the ability to present a new theory. And whether it's presented to the regional office first and then to the board is, in my view, of little difference other than the expenditure of time to go through that process. When you file a request for revision at the board and it's denied, you get to go directly to court. When you file a request for revision at the RO, as Mr. Fisher did in his first case, then you file a notice of disagreement. You get a statement of the case. You have to file a substantive appeal. And then you get a board decision, a process that takes a minimum of 18 months to two to three years. As a consequence, this case is delayed that much longer on exactly the same premise. And we may be up here again on another jurisdictional question as to whether or not we do or do not have that. It is pretty speculative at this point. Unfortunately, the system doesn't work very well as far as the timing is concerned. And as you know, we see these ancient cases up here all the time. And, as a consequence, there's not a whole lot that the court can do, although perhaps somebody else could address it. Well, I believe that the court can do it. I mean, you have a problem that you have about the timing. The time is going to take. That's sad. But it can't be a basis for a decision here today. No, it cannot. But what this court can do is determine which controls the outcome of the disposition of this case. And there is nothing in 20.1400 that dictates the result that has been urged by the government. Thank you very much.